THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| ANA I. SIMONPIETRI MONEFELDT, ET AL.<br><br>*Plaintiffs,*<br><br>v.<br><br>UNITED STATES OF AMERICA, ET AL.<br><br>*Defendants.* | Case No. 24-cv-01220 (MAJ) |

## OPINION AND ORDER

Plaintiffs Ana I. Simonpietri-Monefeldt and Fred J. Fletcher ("Plaintiffs") filed the instant action under the Federal Torts Claims Act on May 14, 2024. (**ECF No. 1**). Plaintiffs sought leave to file an Amended Complaint on August 8, 2024, (**ECF No. 5**), and filed their Amended Complaint on January 24, 2025. (**ECF No. 32**). Plaintiffs seek damages for the injuries Ms. Simonpietri-Monefeldt allegedly suffered due to an accident which occurred in the parking lot in front of the United States Post Office in Guaynabo on July 24, 2022. (**ECF No. 1 at 3 ¶ 22**).

Before the Court is Defendant United States of America's ("USA") Motion to Dismiss the Amended Complaint and Memorandum of Law in Support. ("Motion to Dismiss") (**ECF No. 21**). The USA argues that the Court should dismiss Plaintiffs' Amended Complaint under Federal Rule of Civil Procedure 12(b)(5) because Plaintiffs failed to properly serve the Defendant. The USA also argues that Plaintiffs' lawsuit is time barred, claiming that Plaintiffs did not timely exhaust administrative remedies as required by the Federal Tort Claims Act ("FTCA") and thus the Amended Complaint should be dismissed with prejudice under Federal Rule of Civil Procedure 12(b)(6). (**ECF**

**No. 21**). For the reasons outlined below, the Court hereby **DENIES** Defendant's Motion to Dismiss.

### I. Service of Process on the United States

For a federal court to exercise personal jurisdiction over a defendant, proper service of process of summons is required. *Omni Cap. Int'l, Ltd. v. Rudolf Wolff & Co.*, 484 U.S. 97, 104 (1987). Federal Rule of Civil Procedure 12(b)(5) allows a complaint to be dismissed for "insufficient service of process," and a motion under 12(b)(5) is "the proper vehicle for challenging the mode of delivery or the lack of delivery of the summons and complaint." *Rivera-Otero v. Amgen Mfg. Ltd.*, 317 F.R.D. 326, 328 (D.P.R. 2016). When service of process has been challenged, the plaintiff bears the burden of proving service was properly executed. *Rivera-López v. Mun. of Dorado*, 979 F.2d 885, 887 (1st. Cir. 1992).

Nevertheless, "motions under Rule 12(b)(5) differ from other motions permitted by Rule 12(b) in that they provide a district court with a course of action other than dismissing the case when the defendant prevails." *LD White Sugar Corp. v. Able Sales Co.*, 19-cv-2099, 2021 WL 11962976, at *1 (D.P.R. Mar. 24, 2021) (citing 5B Charles Alan Wright & Arthur Miller, *Federal Practice and Procedure* § 1354 (3d ed. 2010)). District courts have "broad discretion to treat a motion to dismiss under Rule 12(b)(5) as a motion to quash service of process without dismissing the action." *Id. (citing Ramírez de Arellano v. Colloides Naturels Int'l,* 236 F.R.D. 83, 85 n.4 (D.P.R. 2006) (noting that "it is well known that the dismissal of the action under Fed. R. Civ. P. 12(b)(5) is inappropriate when there is a reasonably conceivable means through which service may be obtained and jurisdiction acquired over the defendant"). When the defects in the initial service of process are curable, "the Court should treat a motion to dismiss as a motion to

quash service of process in the alternative and retain the case pending effective service." *Ramírez de Arellano*, 236 F.R.D. at 85 n.4.

Federal Rule of Civil Procedure 4 sets forth the requirements for proper service in federal court, which requires the plaintiff to serve the complaint upon a defendant within ninety days of filing the complaint. FED. R. CIV. P. 4(m). Specifically, service of process on the United States is governed by Federal Rule of Civil Procedure 4(i)(1). Under this rule, the plaintiff is required to (1) deliver a copy of the summons and of the complaint to the United States Attorney for the district where the action is brought either in person or by registered or certified mail, FED. R. CIV. P. 4(i)(1)(A); and (2) send a copy of the summons and of the complaint by registered or certified mail to the Attorney General of the United States at Washington DC. FED. R. CIV. P. 4 (i)(1)(B); *Hernández-Graulau v. United States*, 24-cv-1214, 2024 WL 4626325, at *2 (D.P.R. Oct. 30, 2024). As for United States agencies, "Plaintiffs must serve the United States and also send a copy of the summons and of the complaint by registered or certified mail to the agency . . . ." FED. R. CIV. P. 4 (i)(2).

In the instant case, Defendant alleges that Plaintiffs did not properly serve the USA nor the United States Postal Service ("USPS"). Specifically, Defendant claims that "Plaintiffs filed a proof of service at ECF No. 4 wherein they proved that the summons and Amended Complaint was served upon [the parties] on August 9, 2024." (**ECF No. 21 at 4 ¶ 1**). This statement is factually inaccurate. ECF 4 is a notice from the *Court* that summons were issued in this case on May 15, 2024. Plaintiffs have never claimed that they filed proof of service on that date. Rather, Plaintiffs filed a "Motion Submitting Proof of Service of Process" on August 12, 2024, where they attempted to provide proof of service as to Universal Insurance Company, the USA, and the United States Postal

Service. (**ECF No. 6**). After a careful review of the record, the Court notes that there was an error in ECF No. 6 which prevented it from being filed properly on the docket, and that on August 12, 2024, Plaintiffs were ordered to re-file their entry at ECF 6 ("FILED IN ERROR WRONG EVENT – Counsel to Re-file"). Plaintiffs failed to properly file any proof of service on the docket. But, because the "defects in the initial service of process are curable," the Court will not dismiss on this basis. *See Ramírez de Arellano*, 236 F.R.D. at 85 n.4. To the extent that there was an error in the docket, the Court orders Plaintiffs to properly file proof of all executed summons within fourteen (14) days of the publishing of this Opinion and Order.

Defendant further argues that Plaintiffs failed to send a copy of the summons and complaint to the U.S. Attorney General as required by Federal Rule of Civil Procedure 4(i)(1)(B). (**ECF No. 21 at 5**). In their Response to Defendant's Motion to Dismiss, Plaintiffs only provided a cover letter which notified the U.S. Attorney General about the complaint and stated that summons and a copy of the complaint were attached, yet the record is devoid of proof that the complaint and summons were in fact attached and delivered pursuant to Federal Rule of Civil Procedure 4(i)(1)(B). (**ECF No. 26-5 at 5**). The Court finds that the cover letter is insufficient to prove proper service upon the USA. Thus, the Court orders Plaintiffs to file proof that a copy of the summons and of the operative Complaint were delivered, or in the alternative to file proof that proper service has since been effectuated. This filing must be made within fourteen (14) days of the publication of this Opinion and Order.

Finally, Defendant argues that proper service was not executed upon USPS. (**ECF No. 21 at 5**). As noted above, in order to properly serve an agency of the United States, a plaintiff must properly serve the USA, following the requirements of Federal Rule of Civil

Procedure 4(i)(1), as well as sending a copy of the complaint and summons to the agency by certified or registered mail. FED. R. CIV. P. 4(i)(2). Plaintiffs appear to have sent a copy of the summons and complaint to the USPS. *See* (**ECF No. 6-1 at 5–6**). Thus, assuming Plaintiffs promptly take the necessary steps to effectuate service against the USA and ensure that all relevant documents appear on the docket, the Court will find that service against the USPS has been effectuated.

Because there is "a reasonably conceivable means through which service may be obtained" over Defendants, the Court will not dismiss based on improper service at this time. *Ramírez de Arellano,* 236 F.R.D. at 85 n.4. Plaintiffs are warned, however, that persistent filing errors have plagued this case from the outset and caused much undue delay and confusion. Plaintiffs' counsel is reminded of his obligation of competence and diligence to his clients; and further delays and filing errors will not be tolerated.

## II. Timeliness and Exhaustion of Administrative Remedies

We now turn to the second ground for dismissal. A plaintiff must exhaust her available administrative remedies prior to filing a complaint under the FTCA. 28 U.S.C. § 2675(a); *see also, e.g., Skwira v. United States*, 344 F.3d 64, 71 (1st Cir. 2003). Accordingly, a "tort claim against the United States is forever barred unless presented in writing to the appropriate Federal agency within two years after such claim accrues or unless action is begun within six months after the date of mailing, by certified or regular mail, of notice of final denial of the claim by the agency to which it was presented." 28 U.S.C. § 2401(b); *see also Donahue v. United States,* 634 F.3d 615, 622 (1st Cir. 2011).

To successfully exhaust administrative remedies under the FTCA, plaintiffs must file a "claim form or other written notification which includes (1) sufficient information for the agency to investigate the claims, and (2) the amount of damages sought."

*Santiago-Ramírez v. Sec'y of the Dep't of Def.*, 984 F.2d 16, 19 (1st Cir. 1993) (citations omitted). The purpose of the exhaustion requirement is not to defeat valid claims through mere technicalities, but to allow efficient agency investigation of claims. *Hernández-Graulau*, 2024 WL 4626325, at *3.

Federal rather than state law governs the FTCA's statute of limitations provisions. *See Morales-Melecio v. United States*, 890 F.3d 361, 365 n.9 (1st Cir. 2018); *see also Domínguez v. United States*, 799 F.3d 151, 154 (1st Cir. 2015). Thus, Federal Rule of Civil Procedure 6 governs the computation of the statute of limitations in this case. *Rodríguez v. United States,* 382 F. Supp. 1, 2 (D.P.R. 1974) (citing *Wilkes v. United States,* 192 F.2d 128, at 2. (5th Cir. 1951) (holding that "Congress, in waiving the immunity of the United States to suit for a period of two years, intended that the allotted time should be computed as provided in Rule 6(a)".) Under Federal Rule of Civil Procedure 6, "in computing any period of time prescribed by any applicable statute, the day from which the designated period of time begins to run shall not be included and . . . the last day of the period so computed shall be included, unless it is a Saturday, a Sunday or a legal holiday, in which event the period runs until the end of the next day which is not a Saturday, a Sunday or a legal holiday." *Rodríguez* 382 F. Supp. 1 at 1 (citing FED. R. CIV. P. 6).

The parties do not dispute that Plaintiff's alleged accident occurred on July 24, 2020. (**ECF No. 1 at 3 ¶ 22**); (**ECF No. 21 at 4 ¶ 3**). Defendants also concede that Plaintiffs "presented their administrative claims to the USPS on July 26, 2022." (**ECF NO. 21 at 8**). Because "the day of the event that triggers the period" is excluded, as per Federal Rule of Civil Procedure 6(a)(1)(A), Plaintiff's injury accrued on July 25, 2020. Thus, the time to file her administrative claim would have expired on July 25, 2022, unless that day was a Saturday, Sunday, or legal holiday. FED. R. CIV. P. 6(a)(1)(c). Federal

Rule of Civil Procedure 6(a)(6) defines a set of enumerated legal holidays, which includes "any other day declared a holiday by the state where the district court is located." FED. R. CIV. P. 6(a)(6)(C). In fact, July 25, 2022, was a legal holiday in Puerto Rico. *See* (**ECF No. 26-1**). Thus, the statute of limitations expired on July 26, 2022, the day on which the administrative claim was delivered. (**ECF No. 21 at 8**). The Court thus finds that Plaintiffs have timely exhausted their administrative remedies as required by the FTCA.

### III.    Conclusion

Considering the above stated reasons, Defendant's Motion to Dismiss is **DENIED.** We find that the lawsuit is not time-barred, as Plaintiffs have timely exhausted their administrative remedies under the FTCA. The Court orders Plaintiffs to properly file proof that service has been properly executed on all Defendants within fourteen (14) days of the publication of this Opinion and Order. Failure to do so may result in dismissal.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 20th day of February, 2025.

*/s/ María Antongiorgi-Jordán*
**MARIA ANTONGIORGI-JORDAN**
**UNITED STATES DISTRICT JUDGE**